Judge Owsley
delivered the Opinion of the Court.
On the 25th clay of November, 1818, John Rice and Clement Buckman, contracted with Philip H. Jones, who was the agent of Alexander Spotswood, for the purchase of 2366 2-3 acres of land in the county of Union, at the price of six thousand dollars; one thousand dollars whereof, was paid in hand by Rice and Buckman, and for the residue of the price, three notes payable in one, two, and three years thereafter, to Spotswood, were executed by them jointly. At the same time, a bond was executed by Jones as agent for Spotswood, conditioned to convey the land by deed of general warranty, to Rice and Buckman,. so soon as the remaining part of the purchase money should be paid. In December following, Spotswood departed this life, and shortly thereafter, Rice also died.
The heirs of Rice and Buckman, afterwards, in 1820, filed their bill in equity, against the heirs of Spotswood, and the agent Jones, and by an amendment to their bill, they also made the executors of Spotswood defendants. The object of their bill is to obtain a cancelment of the contract for the purchase of the land, and to be restored the one thorn sand dollars which was paid by them as part of the purchase money, on the ground, as they allege in their bill, that false representations as to the boundary of the land, were made to them, at the time of entering into the contract by the agent jor¡eS) alK] that Spotswood, was unable to make them a title according to the bond which was given by his agent.
The bill was answered by the heirs of Spotswood and Jones; but the view we have taken of the case, renders it unnecessary to take further notice of their answers.
Decree rescinding the contract.
Where the obligee in a bond for the conveyance of land, dies before the - time stipulated for the convej anee arrives, and no cause of action had otherwise accrued to him, his heirs, and not his executor, is entitled to the bond,and may sue alone for a subsequent breach.
But where the ground of the bill is the misrepresentation of the boundaries *];y the obligor or the defect of the title to the land, tlve heirs cannot' maintain -* thcir bill for irithoutmak-ing the executors party'
*41 On hearing the cpntract was decreed to be cancelled &c. and from that decree the heirs of Spotswood &c. appealed.
At the threshhold we are met with an objection, that unless obviated, renders an examination of the merits of tiie decree, altogether unnecessary. The personal representatives of Rice, are not made parties to the suit’ and it was objected, that without their being either complainants or defendants, it was incorrect for the court below to pronounce a decree upon the merits of the contest. This objection was, in argument, attempted to be gotten over by the counsel of the appellees, and the necessity of malting the personal representatives of Rice parties, was by them denied. It was contended, that as the death of Rice happened before the title was, by the condition of the bond executed-by Jones, to be conveyed, the right of Rice to a conveyance, descended upon his heirs, and that neither in a suit to enforce the contract, or to set it aside, has the personal representatives ox Rice any interest, and should not, therefore, he brought before the court as complainants or defendants. That there are cases in which the action, or suit ought to be brought in the names of the heirs, and not the personal representative of the person to whom the bond for a conveyance upon which the action or suit is founded, was given, is undoubtedly true; but it is not true, as the argument supposes, that -whenever the death of the ob-ligee happens before the time at which, by the condition of the bond, the conveyance is to be made, the action or suit, whatever may be its object, should be brought in the name of the heirs, witliout making the personal representatives party.
Though the person to whom the bond is made, dies before the time fixed in the condition, for the title to he conveyed, there may, nevertheless, at the time of his death, be an existing cause of action, in which the personal representatives have a direct interest; and the case made out by the appellees in their bill, presents as forcible an illustration of such a cause of action as any other that could be given, were we, amongst the numerous cases that might he *42 mentioned, to attempt to make a selection. The object of the bill, as we have before remarked, is to cancel the contract which was made by JBuckman and Rice in his lifetime, with the agent of Spotswood for the purchase of a tract of land, not, however, on the ground of any failure of Spotswood or his agenVto make the conveyance according to the condition of the bond given to Rice and Buckman, ]jut on the ground of fraud in misrepresenting the boundaries of the land sold, and in selling land to which Spotswood never had title. These facts, if they have any existence, must have existed prior to the death of Rice, and if they afford any cause for setting aside the contract, the cause must have existed in the lifetime of Rice, so that it would seem that upon the death of Rice, any claim which he then had to be restored the money paid by him under the contract, passed to his personal representatives, and not to his heirs. But admitting a sufficient cause for cancelling the contract, to have existed in the lifetime of Rice, it was contended in argument, that as his heirs would have been entitled to the land after his death, if the title.had been in Spotswood, and they had insisted upon a conveyance being made to them, that they must álso be entitled to whatever is recoverable on a cancelment of the contract. It does not, however, follow that because they would have been entitled to the land, if no fraud had been committed, and the title could have been made by Spotswood, that they must also be entitled to the money paid by Rice for the land, if the contract be cancelled on the ground charged, in the bill. The right of Rice to be restored the purchase money, which was paid by him, is not land, nor does it partake of any of the attributes of land, so as upon his death to have descended upon his heirs as land; but it partakes of the nature of a chattel, and went to the personal representatives of Rice, to whom at his death, all his chattels passed by operation of law. The personal representatives of Rice, must therefore, have an interest in the money which is claimed by the bill to be restored.
mere a part of the purchase money for the laud remains unpaid, and the heir of the obligeo sues for a rescission of his contract, ho must make the oxecutior a.parly to his bill.
*42 But this is not the only interest which the personal representatives have in the inatter .in contest. *43 There remains yet unpaid a great proportion of the price agreed to be given for the land, and for which Rice and Buckman executed their joint notes to Spotswood. Upon those notes, the personal representatives of Rice are liable to be sued, and of course must have an interest in any suit, the object of which is to obtain a caneelment of them and the contract under which they were executed.
Mandate for leave to make partios, or bill to be dismissed.
Talbot, for plaintiffs; Ilaggin and Loughborough for defendants.
We think, therefore, that tire personal representatives of Rice should have been made a party, and as that was not done the court erred in hearing the cause and pronouncing a decree upon the merits.
The decree must be reversed with cost, the cause remanded to the court below, and unless in a reasonable time, to be fixed by that court, the appellees, by an amendment to their bill, make the personal repr resentatives of Rice a party-, the bill must be dismissed without prejudice to any other suit.